## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| KYLE ROSEBORO, on behalf of himself and others similarly situated, | Civil Action No. 1:23-cv-15983 |
| Plaintiff, |  |
| v. | CLASS ACTION COMPLAINT |
| LIGHTFOOT MEDIA, INC., and POWER HOUSE MARKETING, INC., | Jury Trial Demanded |
| Defendants. |  |

**Nature of this Action**

1. Kyle Roseboro ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Lightfoot Media, Inc. ("Lightfoot"), and Power House Marketing, Inc. ("Power House") (together, "Defendants") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and good faith belief, Defendants routinely violate 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

3. Additionally, upon information and good faith belief, Defendants routinely violate 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4) by delivering more than one advertisement or telemarketing message to residential or cellular telephone numbers while failing to identify "the name of the individual caller, the name of the person or entity on whose behalf the call is being

1

made, and a telephone number or address at which the person or entity may be contacted."

## Parties

4. Plaintiff is a natural person who at all relevant times resided in Waukegan, Illinois.

5. Lightfoot is a marketing and lead generation business incorporated in California and headquartered in San Diego, California.

6. Power House is a marketing and lead generation business incorporated in Wyoming and headquartered in Cheyenne, Wyoming.

7. Upon information and good faith belief, Defendants are both owned and controlled by Shannon Hansen.

## Jurisdiction and Venue

8. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(1)(a)(iii), and 28 U.S.C. § 1331.

9. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) as a significant portion of the events giving rise to this action occurred in this district.

10. In particular, Defendants directed its solicitation messages to Plaintiff's telephone from this district.

## Factual Allegations

11. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number—(224) 944-XXXX.

12. Plaintiff uses his cellular telephone as his personal residential telephone number.

13. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules*

*& Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

14. Plaintiff registered his cellular telephone number with the DNC Registry in July, 2023.

15. Beginning in August of 2023, and continuing through the present on an intermittent basis, Plaintiff received at least two text messages, from a rotating series of phone numbers, including:





3





16. Plaintiff did not recognize the sender of these text messages, did not request any

4

appraisal or payment information regarding the subject addresses, did not seek energy efficiency rebates, and did not previously interact with the websites identified by the subject text messages.

17. Plaintiff is not, and was not, interested in Defendants' services or marketing.

18. Plaintiff did not give Defendants prior express consent or prior express written consent to send text messages to his cellular telephone number.

19. The NewViewPHM.com website advertises energy saving window upgrade quotes. *See* Ex. A.

20. The website for NewViewPHM.com fails to clearly identify any legal entity responsible for the website relegating that information solely to a copyright notice associated with Power House—albeit spelled incorrectly. *See id.*

21. Additionally, the NewViewPHM.com website advertises energy saving window upgrade quotes. *See* Ex. A.

22. The website for NewViewPHM.com also fails to clearly identify any legal entity responsible for the website relegating that information solely to a copyright notice associated with Power House—albeit spelled incorrectly. *See id.*

23. Meanwhile, the other websites referenced in Defendants' text messages do not appear to identify any legal entity, and instead list a variety of names and addresses, though their terms of service provide Lightfoot's contact information and address.

24. Moreover, all of the subject text messages contain links with the same "nascoj" identifier that identifies Plaintiff's cellular telephone number.

25. Upon information and belief, Defendants sent the text messages at issue to Plaintiff's cellular telephone number for non-emergency purposes.

26. Upon information and belief, Defendants sent the text messages at issue to

5

Plaintiff's cellular telephone number voluntarily.

27. Upon information and belief, Defendants sent the text messages at issue to Plaintiff's cellular telephone number under their own free will.

28. Plaintiff did not give Defendants prior express invitation or permission to send advertisement or marketing text messages to his cellular telephone number.

29. The purpose of the solicitation messages at issue was to advertise and to market Defendants' business or services.

30. Plaintiff suffered actual harm as a result of the text messages at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

31. Upon information and good faith belief, Defendants knew, or should have known, that Plaintiff registered his cellular telephone number with the DNC Registry.

32. Based on the pervasive nature of Defendants' obfuscation of their identities, Defendants acted willfully and intentionally through their violations of the TCPA.

Class Action Allegations

33. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes (the "Classes"):

**Federal Do-Not-Call Registry Class:**

> All persons throughout the United States (1) to whom Lightfoot Media, Inc. or Power House Marketing, Inc. delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Lightfoot Media, Inc.'s or Power House Marketing, Inc.'s or their business partners' goods or services, (2) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Lightfoot Media, Inc. or Power House Marketing, Inc. delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

**Sender Identification Class:**

All persons and entities throughout the United States (1) to whom Lightfoot Media, Inc. or Power House Marketing, Inc. delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Lightfoot Media, Inc.'s or Power House Marketing, Inc.'s or their business partners' goods or services, (2) where the subject text messages did not state the name of the individual caller, the name of Lightfoot Media, Inc. or Power House Marketing, Inc., and a telephone number or address at which Lightfoot Media, Inc. or Power House Marketing, Inc. may be contacted, (3) within four years preceding the date of this complaint through the date of class certification.

34. Excluded from the Classes are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

35. Upon information and belief, the members of the Classes are so numerous that joinder of all of them is impracticable.

36. The exact number of members of the Classes are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

37. The members of the Classes are ascertainable because the Classes are defined by reference to objective criteria.

38. In addition, the members of the Classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendants, and by third parties, including members of the Classes.

39. Plaintiff's claims are typical of the claims of the members of the Classes.

40. As they did for all members of the Federal Do-Not-Call Registry Class, Defendants delivered solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered his cellular telephone number with the DNC Registry.

41. As they did for all members of the Sender Identification Class, Defendants

delivered solicitation text messages to Plaintiff's telephone number where the subject text messages did not state the name of the individual caller, the name of Lightfoot Media, Inc. or Power House Marketing, Inc., and a telephone number or address at which Lightfoot Media, Inc. or Power House Marketing, Inc. may be contacted.

42. Plaintiff's claims, and the claims of the members of the Classes, originate from the same conduct, practice, and procedure on the part of Defendants.

43. Plaintiff's claims are based on the same theories as are the claims of the members of the Classes.

44. Plaintiff suffered the same injuries as the members of the Classes.

45. Plaintiff will fairly and adequately protect the interests of the members of the Classes.

46. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Classes.

47. Plaintiff will vigorously pursue the claims of the members of the Classes.

48. Plaintiff has retained counsel experienced and competent in class action litigation.

49. Plaintiff's counsel will vigorously pursue this matter.

50. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Classes.

51. The questions of law and fact common to the members of the Classes predominate over questions that may affect individual members of the Classes.

52. Issues of law and fact common to all members of the Classes include:

    a. For the Federal Do-Not-Call Registry Class, Defendants' practice of delivering text messages, for solicitation purposes, to telephone numbers

already registered on the DNC Registry for more than thirty days;

b. For the Sender Identification Class, Defendants' practice of delivering text messages, for solicitation purposes, without identifying the name of the individual caller, the name of Defendants, and a telephone number or address at which Defendants may be contacted;

c. Defendants' conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing solicitation messages;

d. Defendants' violations of the TCPA; and

e. The availability of statutory penalties.

53. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

54. If brought and prosecuted individually, the claims of the members of the Classes would require proof of the same material and substantive facts.

55. The pursuit of separate actions by individual members of the Classes would, as a practical matter, be dispositive of the interests of other members of the Classes, and could substantially impair or impede their ability to protect their interests.

56. The pursuit of separate actions by individual members of the Classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendants.

57. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Classes.

58. The damages suffered by the individual member of the Classes may be relatively

small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Classes to redress the wrongs done to them.

59. The pursuit of Plaintiff's claims, and the claims of the members of the Classes, in one forum will achieve efficiency and promote judicial economy.

60. There will be no extraordinary difficulty in the management of this action as a class action.

61. Defendants acted or refused to act on grounds generally applicable to the members of the Classes, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of 47 U.S.C. § 227(c)(5)
### On behalf of the Federal Do-Not-Call Registry Class

62. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-61.

63. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

64. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

65. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

66. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this

subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

67. Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

68. Defendants violated 47 U.S.C. § 227(c)(5) because they delivered, or caused to be delivered, to Plaintiff and members of the Federal Do-Not-Call Registry Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

69. As a result of Defendants' violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Federal Do-Not-Call Registry Class, are entitled to damages in an amount to be proven at trial.

### Count II
### Violation of 47 U.S.C. § 227(c)(5)
### On behalf of the Sender Identification Class

70. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-61.

71. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

72. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(d), provides in relevant part that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the

call is being made, and a telephone number or address at which the person or entity may be contacted." *Id.* at § 64.1200(d)(4).

73. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

74. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

75. Defendants violated 47 C.F.R. § 64.1200(d)(4) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members while failing to "provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

76. Defendants therefore violated 47 U.S.C. § 227(c)(5) because they delivered, or caused to be delivered, to Plaintiff and members of the Sender Identification Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200(d)(4).

77. As a result of Defendants' violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4), Plaintiff, and the members of the Sender Identification Class, are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action;

b. Designating Plaintiff as a class representative of the proposed Class under Federal Rule of Civil Procedure 23;

c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d. Adjudging and declaring that Defendants violated 47 U.S.C. § 227(c)(5);

e. Enjoining Defendants from continuing their violative behavior, including continuing to deliver solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f. Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

g. Awarding Plaintiff and the members of the classes treble damages under 47 U.S.C. § 227(c)(5)(C);

h. Awarding Plaintiff and the members of the Class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i. Awarding Plaintiff and the members of the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

j. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Date: November 15, 2023

*/s/ Alex D. Kruzyk*
Alex D. Kruzyk* (to seek admission *pro hac vice*)

        State Bar. No. 24124547(TX)
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
501 Congress Avenue, Suite 150
Austin, Texas 78701
Tele: (561) 726-8444
akruzyk@pkglegal.com

*Counsel for Plaintiff and the proposed classes*

14